265 N.J. Super. 475 (1993)
627 A.2d 1153
NON-PROFIT AFFORDABLE HOUSING NETWORK OF NEW JERSEY AND WILFREDO CARABALLO, PUBLIC ADVOCATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY COUNCIL ON AFFORDABLE HOUSING, DEFENDANT-RESPONDENT, AND TOWNSHIP OF BRICK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 5, 1993.
Decided June 29, 1993.
*476 Before Judges J.H. COLEMAN, ARNOLD M. STEIN and CONLEY.
Zulima V. Farber, Public Advocate, attorneys for appellants (Stephen Eisdorfer, Assistant Deputy Public Advocate, on the brief).
Robert J. Del Tufo, Attorney General of New Jersey, attorney for respondent, New Jersey Council on Affordable Housing (Mary *477 Jacobson, Deputy Attorney General, of counsel; William P. Malloy, Deputy Attorney General, on the brief).
Lomell, Muccifori, Adler, Ravaschiere, Amabile & Pehlivanian, attorneys for intervenor-respondent, Township of Brick (Jeffrey R. Surenian and Ann M. Dougherty, on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
One issue raised in this appeal is whether regulations, which do not include affordability as part of the standard for determining whether a housing unit constructed or rehabilitated between 1980 and 1986 can be the basis for a municipality's credit against its fair share pursuant to N.J.S.A. 52:27D-307c(1), are ultra vires. The second issue is whether the regulations violate the general welfare provision under the police powers of N.J.Const. Art. IV, § 6, ¶ 2, and the substantive due process and equal protection provisions inherent in N.J. Const. Art. I, ¶ 1, as explicated in Southern Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp., 67 N.J. 151, 174-181, 336 A.2d 713, app. dismissed, and cert. denied, 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975), (Mt. Laurel I); Southern Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp., 92 N.J. 158, 208-248, 456 A.2d 390 (1983) (Mt. Laurel II) and subsequent cases.
The Fair Housing Act (Act), N.J.S.A. 52:27D-301 et seq., adopted in 1985, authorizes the Council on Affordable Housing (COAH) to promulgate regulations to ensure compliance with Mt. Laurel II, pursuant to N.J.S.A. 52:27D-307. COAH promulgated regulations, codified as N.J.A.C. 5:92-1 et seq., to determine what constituted a municipality's fair share of a region's low and moderate income housing. This appeal focuses on the regulations which determine a municipality's credit under N.J.S.A. 52:27D-307c(1).
COAH's initial set of regulations were effective August 4, 1986, and were supplemented December 15, 1986. 18 N.J.R. 1527 (Aug. 4, 1986); 18 N.J.R. 2442 (Dec. 15, 1986). COAH originally interpreted *478 the mandatory credit provision of N.J.S.A. 52:27D-307c(1) as applying only to housing units created or rehabilitated between April 1, 1980, and December 15, 1986, where occupancy of the unit was restricted to low or moderate income households, and where the price of the unit was controlled in accordance with COAH affordability standards. See N.J.A.C. 5:92-6.1a as adopted on August 4, 1986.
In Bernards Tp. v. Dep't of Com. Affairs, 233 N.J. Super. 1, 12-13, 558 A.2d 1 (App.Div.), certif. denied, 118 N.J. 194, 570 A.2d 959 (1989), we held that the portion of N.J.A.C. 5:92-6.1a which required that credits pursuant to N.J.S.A. 52:27D-307c(1) were available to a municipality only if "a unit's occupancy is restricted to low or moderate income households" was violative of the Act. COAH has interpreted Bernards Tp. to preclude consideration of affordability in determining a municipality's credit.
After consideration by a task force and much debate otherwise, COAH issued a new regulation dealing with a municipality's credit under N.J.S.A. 52:27D-307c(1), thereby amending N.J.A.C. 5:92-6.1a. The amendments, adopted July 12, 1991, are referred to as "Credits Without Controls." They provide:
5:92-6.1 Credits
(a) Municipal present and prospective fair share shall be determined after crediting, on a one to one basis, those housing units created or rehabilitated after April 1, 1980 that meet the criteria in N.J.A.C. 5:92-6.2 and 6.3 ...
5:92-6.3 New construction
(a) A housing unit created and occupied between April 1, 1980 and December 15, 1986 shall receive a credit if it is in sound condition and currently occupied by a low or moderate income household. In general, municipalities shall:
1. Document the date of construction with a certificate of occupancy date;
2. Verify the condition of the unit by an exterior inspection performed by a licensed building inspector; and
3. Document household income with the most recent Federal tax return.
(b) Municipalities that have received substantive certification prior to August 5, 1991 may apply and receive credit for housing units satisfying the criteria outlined above. These credits shall be applied to the municipality's next low and moderate income housing obligation.
(c) After December 15, 1986, a housing unit shall be eligible for a credit when a unit's occupancy is restricted to low or moderate income households and when the *479 municipality has implemented adequate assurance for continued affordability consistent with N.J.A.C. 5:92-12, Controls on Affordability. All housing units that received preliminary approval after December 15, 1986 shall also conform to the requirements of N.J.A.C. 5:92-14 in order to receive a credit. [N.J.A.C. 5:92-6.1 and 6.3]
The Public Advocate contends that the "Credits Without Controls" regulations violate the terms of the Act. Resolution of this issue requires us to review COAH's exercise of its rule-making power.
COAH's decision, like that of any administrative agency, must stand unless arbitrary or capricious. Van Dalen v. Washington Tp., 120 N.J. 234, 244-45, 576 A.2d 819 (1990); Williams v. Dep't of Human Services, 116 N.J. 102, 107, 561 A.2d 244 (1989). Under that standard, a reviewing court must consider the following questions:
(1) whether the agency's action violated the enabling act's express or implied legislative policies;
(2) whether there was substantial evidence in the record to support the findings on which the agency based its action;
(3) whether in applying the legislative policies to the facts, the agency clearly erred by reaching a conclusion that could not reasonably have been made after weighing the relevant factors.
Ibid. Accord, Public Service Electric and Gas Co. v. New Jersey Dep't of Envtl. Protection, 101 N.J. 95, 103, 501 A.2d 125 (1985). It is also well established that judicial review of agency action requires that we accord an administrative regulation a presumption of reasonableness and validity. In re Adoption of N.J.A.C. 7:26B, 128 N.J. 442, 449, 608 A.2d 288 (1992); Medical Soc'y of N.J. v. New Jersey Dep't of Law and Pub. Safety, 120 N.J. 18, 25-26, 575 A.2d 1348 (1990). While COAH has wide discretion in promulgating regulations to carry out the mandate of the Act, the breadth of that discretion, however, may "not dilute COAH's duty to adopt regulatory methods that are consistent with the statutory goals" as expressed in the Act. In re Petition for Substantive Certification Filed by Warren Tp., 132 N.J. 1, 28, 622 A.2d 1257 (1993). "The central goal of the Fair Housing Act is to implement *480 the Mount Laurel doctrine." Id. at 41, 622 A.2d 1257. With these principles in mind, we turn to the regulation in question.
As noted earlier, the present provisions in N.J.A.C. 5:92-6.1 allow a credit to municipalities for units constructed or rehabilitated between 1980 and December 15, 1986, if the unit is habitable in terms of being in sound condition and if it is occupied by a low or moderate income family. No consideration is given to whether the low or moderate income family can afford to live in the unit.
The pertinent statutory provision directs that COAH adopt criteria and guidelines for:
(1) Municipal determination of its present and prospective fair share of the housing need in a given region. Municipal fair share shall be determined after crediting on a one-to-one basis each current unit of low and moderate income housing of adequate standard.... [N.J.S.A. 52:27D-307c(1)]
The Act defines low income housing as housing affordable, under recognized guidelines, to householders earning fifty percent or less of the median income in the region. N.J.S.A. 52:27D-304c. Moderate income housing is defined as affordable to householders earning between fifty percent and eighty percent of the region's median income. N.J.S.A. 52:27D-304d.
While the Act has not defined "affordable," COAH's regulations generally deem a unit affordable if it costs less than twenty-eight percent to thirty percent of the household's income. N.J.A.C. 5:92-12.12. This definition of "affordable" is similar to that employed by the Court in Mt. Laurel II, which considered housing affordable if it consumed no more than twenty-five percent of a household's income. 92 N.J. at 221, n. 8, 456 A.2d 390.
Eight days after oral arguments were conducted in this case, L. 1993, c. 104 was enacted on April 13, 1993, which amended the Act, N.J.S.A. 52:27D-301 to 329. In response to our request, counsel have submitted supplemental briefs addressing the impact of the recent legislation on this appeal. In its supplemental brief, the Public Advocate concedes that the Act, as amended by L. 1993, c. 104, "specifically directs the COAH to grant credits for any housing constructed or rehabilitated between 1980 and 1986 that is *481 occupied by low or moderate income households even though it is not in fact realistically affordable to such households." It is undisputed that the 1993 amendments are ameliorative and should be applied retroactively. See Carnegie Bank v. Shalleck, 256 N.J. Super. 23, 38-40, 606 A.2d 389 (App.Div. 1992). We hold that based on the 1993 amendments to the Act, the regulations in question are not ultra vires.
The Public Advocate contends further that the 1993 amendments are unconstitutional because they are inconsistent with the Mount Laurel doctrine requiring municipalities to create realistic opportunities for the construction of housing that is affordable to low and moderate income people. This assertion was reinforced recently. In re Petition for Substantive Certification of Warren Tp., supra, 132 N.J. at 12, 622 A.2d 1257.
It is well-established that a legislative enactment carries with it a presumption of constitutionality, Hills Development Co. v. Bernards Tp., 103 N.J. 1, 24, 510 A.2d 621 (1986), and that courts must proceed with great caution in declaring a statute unconstitutional. N.J. Sports Exposition Authority v. McCrane, 61 N.J. 1, 9, 292 A.2d 545 (1972), app. dism., 409 U.S. 943, 93 S.Ct. 270, 34 L.Ed.2d 215 (1972). The Public Advocate relies heavily upon Morris County Fair Housing Council v. Boonton Tp., 209 N.J. Super. 393, 429-30, 507 A.2d 768 (Law Div. 1985), aff'd in part, rev'd in part, sub. nom., Hills Development Co. v. Bernards Tp., supra, 103 N.J. at 47, n. 13, 510 A.2d 621, to support the argument that permitting a credit without regard for affordability will unconstitutionally dilute the statewide housing need as determined by COAH.
The Public Advocate raised the impermissible dilution argument before COAH when the agency first proposed amending the credits without controls regulation. Unfortunately, the Public Advocate did not develop the argument with the statistical data that she now submits on appeal. Even the data submitted to us does not include figures for the entire State. Beyond that, the reliability of the data submitted to us has not been established. *482 Since we are enjoined to proceed with great caution in declaring statutes unconstitutional, the present record does not permit us to conduct the thorough review required of us. We cannot determine from the present record what the dilutionary effect the 1993 amendments to the Act will be. Until we know what the effect will be, we cannot determine how much dilution the constitution will tolerate. In the first instance, this determination should be made by the agency with the expertise required. We therefore remand the matter to COAH to develop a full and complete record on the issue of impermissible dilution. We regard Abbott v. Burke, 100 N.J. 269, 299, 495 A.2d 376 (1985) as substantial authority in support of a remand.
We hold that the regulations under review are not ultra vires. We decline to decide the constitutional issue based on an inadequate record. We remand the constitutional issue to COAH for exhaustion of administrative remedies. We do not retain jurisdiction.